## In re COLLIER.

(District Court, S. D. Florida. February 9, 1925.)

No. 2760.

1. **Bankruptcy ⚫➡414(1)—Creditor, objecting to bankrupt's discharge, must support his specifications, or bankrupt will be discharged.**

It is incumbent on creditor, objecting to bankrupt's discharge, to support his specifications of objection; otherwise, bankrupt will be discharged.

2. **Bankruptcy ⚫➡413(7)—Bankrupt held entitled to discharge, where objecting creditor did not produce evidence to support specifications within 30 days.**

Where creditor, objecting to bankrupt's discharge, did not produce any evidence in support of specifications of objection within time required by District Court rule 112, and made no application to extend time, apparently relying on motion to strike out bankrupt's so-called answer to extend time for taking testimony, bankrupt was entitled to discharge.

3. **Motions ⚫➡64—Decision of motion to discharge bankrupt held not to prejudge issue in suit in state court to set aside bankrupt's conveyance as fraudulent.**

Decision of motion to discharge bankrupt in favor of bankrupt, because of objecting creditor's failure to produce evidence within 30 days, as required by District Court rule 112, did not prejudge issue in suit in state court to set aside bankrupt's conveyance as fraudulent.

In Bankruptcy. In the matter of H. O. Collier, bankrupt. On bankrupt's motion to be discharged. Motion granted.

H. S. Hampton and W. L. Pencke, both of Tampa, Fla., for objecting creditor.

H. M. Hampton, of Ocala, Fla., for bankrupt.

CALL, District Judge. This cause comes on for a hearing on the motion of the bankrupt to be discharged. The record in this matter shows the following facts to exist:

The bankrupt filed his petition to be discharged on August 27, 1924. On September 18, 1924, a creditor filed two specifications of objection to such discharge: (1) That the bankrupt knowingly and fraudulently concealed certain property; and (2) that with intent to conceal his true financial condition he failed to keep books of account and records. On October 1, 1924, the bankrupt filed a paper, calling it an answer, in which as to the first specification he claims that the lands described in the specification had been given his son some years before, and the son took possession, cleared the lands, and remained in open, notorious possession of same, but no conveyance passed

until February, 1923; that the claim of the son to be the owner of the lands was openly and publicly known. The paper then sets up certain facts as to the debt of objecting creditor, which is not necessary to set out in the decision of the question involved at this hearing.

As to the second specification, the bankrupt alleged that he was a farmer, not engaged in any other business, and that with the exception of one or two small items the indebtedness due by him arose from indorsements upon notes made by others. On October 1, 1924, an order was made by the court referring the matter of discharge and specifications of objection to the referee as a special master, to take testimony and report the same to the court for action. On October 8, 1924, the objecting creditor filed a motion to dismiss the answer. No further steps seem to have been taken until December 8, 1924, when a motion was made before the master to report the matter to the court that no testimony had been taken before him by the objecting creditor.

I find among the papers a certificate of the referee that no testimony had been taken; this paper is dated December 8, 1924, but has not been filed in the clerk's office. It seems that some correspondence passed between the master and the attorney for the objecting creditor concerning reporting the case back to the court for a decision on the motion to dismiss the answer, but no testimony was taken or attempted to be taken by the objecting creditor in support of its specifications of objection.

Rule 112 of District Court Rules makes no provision for an answer by the petitioner to the specifications, but provides that the bankrupt shall have until the rule day, being more than 20 days from the filing of the specifications, to move to strike same, and in default of said motion the matter will stand referred to the referee as a special master, to take the testimony and report same to the judge. The rule then provides that the objecting creditor have 30 days in which to take the testimony in chief, and the bankrupt 45 days in which to take his testimony, and the objecting creditor 15 days thereafter to take rebuttal testimony, thus allowing 45 days to each side to take testimony.

[1, 2] It is too well settled to need citation of cases that it is incumbent upon the objecting creditor to support his specifications; otherwise, the bankrupt will be discharged. In the instant case no testimony was taken by the objecting creditor to support its spec-

ifications, but it seemed to have depended upon the motion to strike the so-called answer filed by the bankrupt to enlarge the time for taking its testimony in the face of the rule. The time for taking the testimony might have been enlarged upon sufficient cause, shown upon timely application to the court. In the instant case no timely application was made, nor has any sufficient cause been shown. If the facts set up in the so-called answer are true, there was no knowing and fraudulent concealment or failure to keep books with intent to conceal the true financial condition of the bankrupt. The objecting creditor saw fit to move to strike the answer, instead of taking issue on the facts and producing testimony to sustain its specifications, and now it is too late to offer to speed the cause by doing so.

[3] It was said in argument that a cause was pending in the state court to set aside the conveyance of this property as fraudulent. The decision of the motion to discharge in no way prejudges the issue in that suit. It is simply enforcing rule 112, and the discharge is granted solely because the objecting creditor did not produce any evidence in supporting its specifications of objection within the 30 days.

Therefore the discharge will be granted.